**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DERRICK DEWAYNE MOFFITE**                                **PETITIONER**

**v.**                                                        **Civil No. 3:21-cv-290-TSL-BWR**

**BRAND HUFFMAN**                                            **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Amended Petition [21] for Writ of Habeas Corpus filed by Petitioner Derrick Dewayne Moffite. Respondent Brand Huffman[1] has filed an Amended Answer [30] and Petitioner a Reply [33]. Having considered the record, the parties' submissions, and relevant legal authority, the undersigned United States Magistrate Judge recommends dismissing the Amended Petition [21] for Writ of Habeas Corpus with prejudice.

## I. BACKGROUND

On January 25, 2018, Moffite was found guilty by a jury in the Circuit Court of Lauderdale County, Mississippi, Tenth Judicial District, on one count of aggravated assault of a law enforcement officer in violation of Mississippi Code Annotated § 97-3-7. Ex. [29-3] at 88; Ex. [29-5] at 75; *see also Moffite v. State*, 309 So.3d 529, 532 (Miss. Ct. App. 2019), *reh'g denied*, May 19, 2020, *cert. denied*, 299 So.3d 795 (Miss. 2020). The court sentenced Moffite, as a habitual offender, under Mississippi Code Annotated § 99-19-83, to serve life imprisonment without the

---

[1] Petitioner named "Bland Huffman" as Respondent. The undersigned takes judicial notice that the correct spelling is "Brand Huffman." *See* State Prisons, MISSISSIPPI DEPARTMENT OF CORRECTIONS, https://www.mdoc.ms.gov/Institutions/Pages/State-Prisons.aspx (last visited April 3, 2023).

possibility of parole in the custody of the Mississippi Department of Corrections on February 6, 2018. Ex. [29-3] at 89.

Moffite, through counsel, moved for a new trial or judgment notwithstanding the verdict and vacation of sentence as a habitual offender, Ex. [29-5] at 82-87, but his motion was denied on April 2, 2018. *Id.* at 89. Moffite appealed, *id.* at 91, and the Mississippi Court of Appeals affirmed his conviction and sentence on December 3, 2019. Ex. [29-3] at 4-18; *Moffite*, 309 So.3d at 540. The Mississippi Supreme Court denied Moffite's subsequent petition for a writ of certiorari on August 21, 2020. Ex. [29-12] at 26.

On October 4, 2021, Moffite, now *pro se*, signed an Application for Leave to File Motion for Post-Conviction Collateral Relief ("Application for Leave to File a PCR Motion"), Ex. [29-12] at 14-25, along with an accompanying Motion for Post-Conviction Collateral Relief ("PCR Motion"), *id.* at 27-67. On December 8, 2021, the Mississippi Supreme Court denied Moffite's requests on the ground that his claims had "no merit." *Id.* at 12.

On April 26, 2021, Moffite signed a Petition seeking a writ of habeas corpus from this Court, under 28 U.S.C. § 2254. Pet. [1]. On August 20, 2021, United States District Judge Tom S. Lee dismissed the Petition without prejudice based on Moffite's failure to prosecute and obey numerous court orders. Order [13]; Final Judgment [14]. On July 28, 2022, Moffite filed a Motion [16] to Set Aside Judgment, which Judge Lee granted on August 15, 2022. Order [18].

In his Amended Petition [21], Moffite asserts nine grounds for federal habeas relief:

1. Insufficient evidence to support serious bodily injury element of aggravated assault.

2. Trial court had no authority to amend the indictment from § 99-19-81 to § 99-19-83, habitual offender status.

3. Insufficient self-defense jury instruction which failed to charge the jury on petitioner's theory.

   a. Jury Instruction D-1: Resisting Arrest.

   b. Jury Instruction D-2: Imperfect Self-Defense.

4. Trial judge improperly injected himself as an advocate for the prosecution.

5. The State failed to disclose the throat injury testimony of Jodi Dowdy.

6. A violation of due process rights and denial of a fair bifurcated trial on sentencing.

7. Due process violation charact[er]izing 'dwelling house burglary' as a violent crime for § 99-19-83.

8. Moffite was denied the effective assistance of trial counsel.

9. Moffite's conviction and sentence derived from judicial misconduct.

Am. Pet. [21] at 5-17. Respondent Brand Huffman ("Respondent") filed a Response [28] in Opposition and subsequently an amended response, titled Amended Answer [30]. Respondent argues Moffite's fourth and fifth grounds, as well as a portion of his third ground are procedurally barred. Am. Answer [30] at 8. Respondent further argues that Moffite is not entitled to relief on his remaining grounds because Moffite

has failed to demonstrate that the Mississippi Supreme Court's decision on those claims was contrary to United States Supreme Court precedent or an unreasonable determination of the facts based on the evidence presented. *Id.* at 12-47. Moffite filed a Reply [33] essentially reasserting his grounds for relief. Reply [33] at 1-9.

## II. DISCUSSION

### A. Petitioner's Grounds Three (b.), Four, and Five Are Procedurally Barred.

#### i. Legal Standard

Federal habeas review is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254. Federal habeas review is procedurally barred "[i]f a state court clearly and expressly bases its dismissal of a prisoner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citations omitted).

A habeas petitioner may overcome the procedural bar in two ways. First, the petitioner can overcome the procedural bar by showing cause for it and actual prejudice from its application. *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008). For a finding of cause, there "must be something *external* to the petitioner, something that cannot fairly be attributed to him" which prevented him from raising and discussing the claims as grounds for relief in state court. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003).

Second, the petitioner can overcome the procedural bar by showing that a fundamental miscarriage of justice would result if the procedural bar were applied. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). To show that such a miscarriage of justice would occur, a petitioner must prove "as a factual matter, that he did not commit the crime of conviction." *Id.* Further, the petitioner must support his allegations with new, reliable evidence, that was not presented at trial, and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.*

ii.    Analysis

Moffite claims that he is entitled to federal habeas relief because (1) the trial court's allegedly improper rejection of his proposed imperfect self-defense jury instruction violated his due process right to present his theory of the case (ground three (b.)); (2) the trial judge improperly injected himself as an advocate for the prosecution (ground four); and (3) the State failed to disclose the throat injury testimony of Jodi Dowdy (ground five). Am. Pet. [21] at 8, 10, 12; Mem. [26] at 29-43.

Relevant to Moffite's claims are two procedural bars: failure to cite authority and the contemporaneous objection rule. This Court has long held that the failure to cite authority procedural bar is an independent and adequate state law ground. *Flynt v. Fairley*, No. 2:18-cv-50-KS-JCG, 2019 WL 8755119, at *4 (S.D. Miss. Oct. 3, 2019) (collecting cases), *R. & R. adopted*, 2020 WL 1330435 (S.D. Miss. Mar. 23, 2020). And the Fifth Circuit has long held that Mississippi's contemporaneous objection rule is an adequate state procedural bar. *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992);

*see also Day v. King*, No. 1:03-cv-624-DMR-JMR, 2006 WL 2541600, at *4 (S.D. Miss. Aug. 31, 2006) (collecting cases).

On direct appeal, the Mississippi Court of Appeals expressly held each of Moffite's three claims procedurally barred. *Moffite*, 309 So.3d at 535-38. The Mississippi Court of Appeals held that Moffite's ground three (b.) was barred by the failure to cite any supporting legal authority.[2] *Id.* at 535-36. The Mississippi Court of Appeals held that grounds four and five were procedurally barred for failure to make a contemporaneous objection. *Id.* at 537-38. Because the Mississippi Court of Appeals expressly rejected Moffite's grounds three (b.), four, and five based on independent and adequate state procedural rules, the claims are procedurally barred from federal habeas review, *Guidry v. Lumpkin*, 2 F.4th 472, 486 (5th Cir. 2021), unless Moffite can demonstrate the applicability of either exception.

Moffite fails to demonstrate, or even attempt to demonstrate, the applicability of either exception for each claim. *Hughes*, 530 F.3d at 341; *Martin*, 98 F.3d at 849. Moffite has not asserted that an external force prevented him from objecting to the trial judge's allegedly improper interjections at trial or the alleged failure to disclose testimony. Moffite has also not asserted that any external force prevented him from

---

[2] The Mississippi Court of Appeals also reviewed for plain error but found none. *Moffite*, 309 So.3d at 535-36. Because the claim was barred by independent and adequate state law grounds, however, the state court's review of the merits does not vitiate the procedural bar. *Jackson v. Epps*, No. 4:03-cv-461-WAP, 2010 WL 3853158, at *4 (S.D. Miss. Sept. 28, 2010) (citing *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989)); *see also Hughes v. Dretke*, 412 F.3d 582, 592-93 (5th Cir. 2005) (alternate holding on merits by state court did not preclude imposition of bar on federal habeas review for petitioner's failure to contemporaneously object on federal constitutional grounds in state court); *Thacker v. Dretke*, 396 F.3d 607, 614 (5th Cir. 2005) (procedural bar imposed for petitioner's failure to contemporaneously object and preserve claim for review not circumvented by State court's alternative holding that constitutional claim lacked merit).

providing legal authority to support his argument on direct appeal regarding the imperfect-self-defense instruction. Even if he had made either showing for any of grounds three (b.), four, or five, Moffite has failed to demonstrate that had the trial court used his proposed instruction (ground three (b.)) or had he raised the objections (grounds four and five) the outcome would have been different.

Nor has Moffite brought forth any new, reliable evidence to establish that he is innocent of the crime for which he was convicted. Even if he had made such a showing, Moffite has failed to demonstrate that no reasonable juror would have convicted him in light of that new evidence. Accordingly, Moffite's grounds three (b.), four, and five are procedurally barred from federal habeas review, and the undersigned recommends their dismissal.

**B. Petitioner's Grounds One, Two, Three (a.), Six, Seven, and Nine do not Warrant Federal Habeas Relief.**

    i.   <u>Legal Standard</u>

Under the AEDPA, a petitioner may not obtain federal habeas relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254; *Cobb v. Thaler*, 682 F.3d 364, 372-73 (5th Cir. 2012); *Brown v. Payton*, 544 U.S. 133, 141 (2005). When reviewing a mixed question of law and fact, "a federal court may grant habeas relief

only if it determines that the state court decision rested on 'an unreasonable application of clearly established federal law as determined by the Supreme Court' to the facts of the case." *Lockhart v. Johnson*, 104 F.3d 54, 56-57 (5th Cir. 1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751 (5th Cir. 1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120, 133 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Harrington*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, a petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

Federal courts look to the "last reasoned opinion" as the state court's "decision." *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012); *see Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). "Where a state court's decision is unaccompanied by an explanation," and the lower courts did not issue a reasoned opinion, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98; *see Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding that there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

Review under the AEDPA is "highly deferential" to the state court's decision. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). This intentionally difficult standard "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102 (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)). To merit relief under the AEDPA, a petitioner may not merely show legal error in the state court's "decision." *White v. Woodall*, 572 U.S. 415, 419 (2014) (stating being "merely wrong" or in "clear error" will not suffice federal relief under the AEDPA). AEDPA review exists only to "guard against extreme malfunctions in the state criminal justice systems." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal citation and quotation marks omitted). As the Supreme Court explained, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 562 U.S. at 102.

    ii.   <u>Analysis</u>

   a.    *Ground One: Sufficiency of the Evidence*

Moffite asserts that he is entitled to federal habeas relief because the evidence is insufficient to support the serious bodily injury element of his aggravated assault conviction. Am. Pet. [21] at 5.

A sufficiency-of-the-evidence claim is based upon federal due process principles, requiring the State to prove each element of the offense beyond a reasonable doubt. The only relevant question in assessing the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Jackson* requires federal courts to look to state law for the substantive elements of the offense, but "the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Coleman v. Johnson*, 566 U.S. 650, 655 (2012). *Jackson* claims also "face a high bar in federal proceedings because they are subject to two layers of judicial deference." *Id*. at 651. In the first layer, a state appeals court reviewing the sufficiency of the evidence sets aside the jury's verdict "only if no rational trier of fact could have agreed with the jury." *Id*. In the second layer, a federal court grants habeas relief only upon a finding that the state court's rejection of a sufficiency-of-the-evidence claim was "objectively unreasonable." *Id*. Under *Jackson's* sufficiency-of-the-evidence standard, juries have broad discretion in deciding what inferences to draw from the evidence presented at

trial, requiring only that they "draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319.

Viewing the evidence in the light most favorable to the State, the Mississippi Court of Appeals concluded that the jury heard sufficient evidence from which it could conclude, beyond a reasonable doubt, "that Moffite caused serious bodily injury to Sergeant Dowdy" and thus was guilty of aggravated assault. *Moffite*, 309 So.3d at 532-34. To be convicted for aggravated assault, a person must "attempt[] to cause serious bodily injury to another, or cause[] such injury purposely, knowingly or recklessly" or "attempt[] to cause or purposely or knowingly cause[] bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm." Miss. Code. Ann. § 97-3-7. "[T]he State does not have to prove the victim suffered 'serious' bodily injury so long as it was possible." *Moffite*, 309 So.3d at 533.

Moffite placed Dowdy in a chokehold and had to be pulled off her. *Id.* at 532. Moffite's attack was planned. *Id.* at 533. Dowdy appeared scared. *Id.* In rejecting Moffite's sufficiency-of-the-evidence claim, the court explained that in similar cases, "defendants were charged and convicted of aggravated assault for choking their victims." *Id.* at 533-34. Based on these facts and the definition of "serious bodily injury,"[3] the Mississippi Court of Appeals concluded that sufficient evidence existed to affirm the jury's guilty verdict. *Id.*

---

[3] "The Mississippi Supreme Court has defined 'serious bodily injury' as an 'injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.'" *Moffite*, 309 So.3d at 533.

Under this Court's limited AEDPA review, this finding was neither contrary to, nor an unreasonable application of, clearly established federal law as decided by the Supreme Court. On the contrary, the jury's construction of the evidence was reasonable, and its resulting decision to find Moffite guilty of aggravated assault beyond a reasonable doubt under Mississippi law was rational. Moffite offers nothing to overcome the deference this Court must afford to the Mississippi Court of Appeals' findings that the sufficiency of the evidence supports a conviction in this case. Accordingly, no relief is warranted on this ground and the undersigned recommends its dismissal.

### b. *Ground Two: Amendment to the Indictment*

Moffite next asserts that he is entitled to federal habeas relief because the "trial court had no authority to amend the indictment from § 99-19-81 to § 99-19-83, habitual offender status." Am. Pet. [21] at 7. Specifically, Moffite contends that because the grand jury indicted him as a habitual offender under Mississippi Code Annotated § 99-19-81, which would have allowed him to be eligible for parole, the trial court lacked the authority to allow the State to amend the indictment to charge him under the enhanced habitual offender statute, Mississippi Code Annotated § 99-19-83, which commands a sentence of life without the possibility of parole. Mem. [26] at 21-29.

First, there were multiple criminal causes against Moffite. Ex. [29-5] at 35; *id.* at 10-12; Ex. [29-1] at 7, 14. In cause 222-15, unrelated to Moffite's assault on Dowdy, the State amended the indictment, which was originally under Mississippi Code

Annotated §99-19-81, "to include the potential penalty enhancement for the Defendant of Habitual Offender pursuant to 99-18-83." Ex. [29-5] at 35; Ex. [29-1] at 7. However, the State did not proceed on this indictment. Ex. [29-5] at 10-12, 38. The State proceeded to trial on the indictment in cause 617-17, which was originally indicted under Mississippi Code Annotated §99-19-83. *Id.* Therefore, the amendment that Moffite complains of was irrelevant to his case because the State did not proceed on the amended indictment in cause 222-15.

Second, although Moffite was not originally indicted under Mississippi Code Annotated §99-19-81 in cause 617-17, there was an amendment to the indictment in that cause. *Id.* at 10; 39-40. Whether an indictment was properly amended is a matter of state law, not federal law. *Jones v. Waller*, No. 1:06-cv-21-MPM-JAD, 2007 WL 1826904, at *4 (N.D. Miss. May 30, 2007) (claim that indictment amended to include habitual offender language involved interpretation of state law, and was not subject to federal habeas review).

Under Mississippi law, an indictment can be amended as to form, but not as to substance "without the agreement of the grand jury which issued the indictment." *Kittler v. State*, 830 So. 2d 1258, 1259 (Miss. Ct. App. 2002). Amendments to an indictment are as to form if they do "not materially alter facts which are the essence of the offense on the face of the indictment as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case." *Id*. at 1260. "The test for determining whether an amendment will prejudice the defendant's case is 'whether a defense as it originally stood would be equally available

after the amendment is made.'" *Holmes v. State*, 660 So. 2d 1225, 1227 (Miss. 1995),

*disagreed with on other grounds by Dilworth v. State*, 909 So. 2d 731 (Miss. 2005).

> The indictment originally read, in relevant part, as follows:

>> in said County and State, on or about the 25th day of July, A.D., 2017, did knowingly or purposely cause serious bodily injury to Jodi Dowdy, a law enforcement officer (correctional officer), acting within the scope of her duty and office, by striking grabbing her around the neck and applying pressure, cutting off blood and air flow to her brain, while confined as an offender in the Lauderdale County Detention Facility, Meridian, Mississippi, and in the custody of the Mississippi Department of Corrections, . . .

Ex. [29-5] at 10, 39-40. The State sought to remove the following portion of the final

sentence, "while confined as an offender in the Lauderdale County Detention Facility,

Meridian, Mississippi, and in the custody of the Mississippi Department of

Corrections." *Id*. at 39-40. After conducting a hearing on the request, the trial court

granted the motion. *Id*. at 45.

Moffite has not demonstrated that the State's request to remove that

extraneous information amounted to a substantive amendment, as opposed to one of

form. Nor does the amendment appear to have materially altered the essential facts

of the charged offense, or any potential defense to the indictment. Moffite has also

not asserted that the amendment rendered unavailable a defense that had been

available prior to the amendment. Thus, Moffite has failed to demonstrate that the

amendment to the indictment was improper under state law.

As the Mississippi Court of Appeals explained in rejecting Moffite's claim, Rule

14.4(a) of the Mississippi Rule of Criminal Procedure allowed the State to amend the

form of Moffite's original indictment to remove extraneous language, as the State did

here. *Moffite*, 309 So.3d at 534-35. Moffite has failed to demonstrate that the Mississippi Court of Appeals' decision on this claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court. *Cobb*, 682 F.3d at 372-73; *Brown*, 544 U.S. at 141. Accordingly, federal habeas relief is not warranted on this ground and the undersigned recommends its dismissal.

      *c.*    *Ground Three (a.): Jury Instruction D-1 on Resisting Arrest*

Moffite also asserts that he is entitled to federal habeas relief because the trial court refused his proposed jury instruction D-1 on "resisting arrest." Mem. [26] at 29-32; *Moffite*, 309 So.3d at 535-36. "Errors in jury instructions do not state a claim for relief unless the error resulted in 'prejudice of constitutional magnitude.'" *Ramirez v. Dretke*, 398 F.3d 691, 696 (5th Cir. 2005) (quoting *Sullivan v. Blackburn*, 804 F.2d 885, 887 (5th Cir. 1986)). Incorrect instructions only lead to federal habeas relief when "there is more than a mere reasonable possibility that [the erroneous instructions] contributed to the verdict." *Galvan v. Cockrell*, 293 F.3d 760, 765 (5th Cir. 2002) (citing *Mayabb v. Johnson*, 168 F.3d 863, 868 (5th Cir. 1999)).

Moffite argues that "[t]he absence of [jury instruction D-1] limited the jury to decide the case on the State's theory of a plan to attack female jailers, and the details of the altercation and, created an injustice on Moffite." Mem [26] at 31. Jury instruction D-1 stated in relevant part:

> The State must also prove beyond a reasonable doubt that the Defendant was not acting in self defense.

> The question of the existence of unwarranted and unreasonable force by the jailers, the necessity or apparent necessity of Defendant to resist the force, as well as the amount of force necessary by the Defendant to employ to resist the actions of the jailers, can only be determined from the standpoint of the Defendant at the time of the incident and under all existing circumstances.
>
> The Defendant does not have the burden of proving that he acted in self-defense.
>
> If, after considering all the evidence you have a reasonable doubt as to whether the Defendant acted in self defense, then he can not be convicted so long as you have such a reasonable doubt.

Ex. [29-5] at 65. Moffite raised this same issue on appeal. *Moffite*, 309 So.3d at 535-36. The Mississippi Court of Appeals rejected Moffite's argument because instruction D-1 "was otherwise given to the jury in another instruction" and was an "improper statement of the law." *Id.* at 536.

Instruction D-1 was legally inaccurate because instruction D-1 "asked the jury to examine [Moffite's] actions *subjectively*." *Id.* at 535-36; Ex. [29-5] at 65. Mississippi state law, however, is that a defendant must be judged under the reasonable person standard when determining whether the defendant had reasonable grounds to fear imminent death or serious bodily injury. *Id.* at 535-36 (citing *Hart v. State*, 637 So. 2d 1329, 1339 (Miss. 1994)).

Instruction D-1 was also repetitive. Jury instruction C-10 instructed jurors that Moffite "ha[d] a right to resist excessive force." Ex. [29-5] at 55. A different jury instruction advised jurors on the State's burden of proof regarding self-defense as well. *Id.* at 54.

The trial court's refusal of jury instruction D-1 did not result in "prejudice of constitutional magnitude" because instruction D-1 was legally incorrect and

redundant. *Sullivan*, 804 F.2d at 887; *Moffite*, 309 So.3d at 535-36. Therefore the Mississippi Court of Appeals' decision on jury instruction D-1 was not contrary to, and did not involve an unreasonable application of, clearly established Supreme Court precedent, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court. *Cobb*, 682 F.3d at 372-73; *Brown*, 544 U.S. at 141.

### d.   Ground Six: Bifurcated Trial on Sentencing

Moffite next asserts that he is entitled to federal habeas relief because his "due process rights" were violated by not receiving "a fair bifurcated trial on sentencing." Am. Pet. [21] at 12-13. Moffite also argues that the state failed to prove his prior convictions beyond a reasonable doubt because his "pen-pack"[4] was not admitted into evidence at his sentencing hearing, which he alleges is required by Mississippi Rule of Evidence 803(6)(7) and Mississippi Code Annotated § 47-5-10. Mem. [26] at 43. Moffite also argues that proof beyond a reasonable doubt was not established because the testimony of "Ms. Lockhart[ ]," regarding his criminal history, was "totally hearsay." *Id.*

Moffite's assertion that he is entitled to federal habeas relief because he allegedly did not receive a fair bifurcated sentencing trial lacks merit. The state trial court held a separate sentencing hearing on February 6, 2018, about a week and a half after the jury trial concluded. Ex. [29-9] at 84-139. Even so, Moffite essentially

---

[4] "Pen-packs (penitentiary packets) are the records maintained on inmates sentenced to the custody of the Mississippi Department of Corrections . . . ." *Johnson v. King*, Civ. No. 4:06-cv-74-TSL-LRA, 2009 WL 2872804, at *7 (S.D. Miss. Aug. 31, 2009) (internal citations and quotation marks omitted).

asks this Court to review the state court's application and interpretation of state law. Such an inquiry is impermissible under federal habeas review. *Charles v. Thaler*, 629 F.3d 494, 50-51 (5th Cir. 2011) ("A federal court lacks authority to rule that a state court incorrectly interpreted its own law."). While Mississippi law does require a bifurcated trial regarding habitual offender status, there is no federal constitutional right to a bifurcated trial. *Robinson v. Shaw*, No. 1:15-cv-83-LG-RWH, 2017 WL 1078650, at *5 (S.D. Miss. Jan. 27, 2017) (citing *United States v. Huff*, 409 F.2d 1225, 1228 (5th Cir. 1969)), *R. & R. adopted*, 2017 WL 1051191 (S.D. Miss. Mar. 20, 2017); *see Seely v. State of Mississippi*, 451 So. 2d 213, 214 (Miss. 1984). Therefore any failure to provide Moffite with a bifurcated trial was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court.

Equally unavailing is Moffite's argument that the state failed to prove his prior convictions beyond a reasonable doubt. Mem. [26] at 43-47. This argument essentially challenges the sufficiency of the evidence, which presents a mixed question of law and fact. *Parker v. Cain*, 445 F. Supp. 2d 685, 700 (E.D. La. 2006); *see Wilson v. Rader*, 619 Fed. App'x. 369, 370 (5th Cir. 2015). Therefore, this Court can only grant Moffite relief if the trial court violated clearly established Supreme Court precedent. *See Kittelson v. Dretke*, 426 F.3d 306, 318 (5th Cir. 2005).

First, the Supreme Court recognizes that hearsay statements and documents are admissible at sentencing proceedings. *See, e.g., Williams v. New York*, 337 U.S. 241, 246 (1949); *Williams v. Oklahoma*, 358 U.S. 576, 584 (1959). And Moffite does

not contest the validity of his previous convictions. Instead, Moffite argues only that the State failed to prove "the length of time Moffite served on each sentence . . . ." Mem. [26] at 43.

Second, the United States Supreme Court does not require a state to prove prior convictions beyond a reasonable doubt in order to support a sentencing enhancement for a habitual offender. *Dretke v. Haley*, 541 U.S. 386, 395 (2004); *see also United States v. O'Brien*, 560 U.S. 218, 224 (2010). As a result, Moffite cannot demonstrate a violation of clearly established Supreme Court precedent. Instead, Moffite merely alleges that the state court misapplied its own law regarding evidentiary matters in sentencing hearings, a claim that cannot be granted by this Court on habeas review. *Charles*, 629 F.3d at 50-51. Moreover, the Mississippi Court of Appeals reviewed this claim on the merits and decided that the State proved Moffite's prior convictions with competent testimonial evidence. *Moffite*, 309 So.3d at 539-40.

Moffite has therefore failed to demonstrate that the Mississippi Court of Appeals' decision on this claim "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson*, 426 F.3d at 318. Nor can he show that the court's determination of the facts was unreasonable based on the testimonial evidence. Accordingly, federal habeas relief is not warranted on this ground.

   *e.* *Ground Seven: Violent Crime Classification*

Moffite next asserts that he is entitled to federal habeas relief because his "due process rights" were violated by the characterization of his prior burglary of a dwelling conviction as a crime of violence for the purpose of determining his habitual offender status under Mississippi Code Annotated § 99-19-83. Am. Pet. [21] at 13-14. Liberally construed, Moffite contends that the characterization violates the Ex Post Facto clause because burglary of a dwelling was not classified as a crime of violence at the time of his original conviction. Mem. [26] at 47-49.

The Supreme Court has long held that for a law to be considered Ex Post Facto "it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29 (1981). The Supreme Court and Fifth Circuit have also long held that sentencing enhancements enacted after previous convictions but before instant convictions do not violate the Ex Post Facto clause. *See Gryger v. Burke*, 334 U.S. 728, 732 (1948); *see also United States v. Rasco*, 123 F.3d 222, 227 (5th Cir. 1997); *United States v. Saenz–Forero,* 27 F.3d 1016, 1019-21 (5th Cir. 1994); *Perkins v. Cabana*, 794 F.2d 168, 169 (5th Cir. 1986).

For example, in *Gryger*, the Supreme Court considered a defendant who was sentenced as a habitual offender based on a law that was enacted after his prior offense. As the Court explained:

> Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive or subjects the petitioner to double jeopardy. The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a

> stiffened penalty for the latest crime, which is considered to be an
> aggravated offense because [it is] a repetitive one."

*Gryger*, 334 U.S. at 732.

Furthermore, in *Saenz-Forero*, the Fifth Circuit held that the use of a 1985 drug conviction to enhance defendant's sentence did not violate the Ex Post Facto clause even though the drug conviction was not classified as an 'aggravated felony' for enhancement purposes until 1988. 27 F.3d at 1018-1021. And in *Perkins*, the Fifth Circuit upheld the application of Mississippi's other habitual offender sentencing enhancement statute, Mississippi Code Annotated § 99-19-81, to defendants whose prior offenses occurred before the statute became effective. 794 F.2d at 169. In so doing the Court explained that when a statute "defines and fixes the punishment for future felony offenses," it is not increasing punishment for past offenses even if it does so in terms of past offenses. *Id.* The statute is only re-classifying "felony recidivists . . . for punishment purposes." *Id.*

Moffite's conviction for the crime of burglary of a dwelling house in violation of Mississippi Code Annotated § 97-17-23, occurred on April 15, 2003. Ex. [29-4] at 12. In 2014, Mississippi Code Annotated § 97-3-2 was amended to include burglary of a dwelling as a per se crime of violence. Miss. Code Ann. § 97-3-2 (Rev. 2014). That same year Mississippi Code Annotated § 99-19-83 was amended to provide that Mississippi Code Annotated § 97-3-2 defines a crime of violence for the purpose of determining habitual offender status. Miss. Code Ann. § 99-19-83 (Rev. 2014). Moffite's instant conviction for aggravated assault of a law enforcement officer did not occur until February 6, 2018.    Ex. [29-3] at 89. Because the statutory

21

amendments, which altered the sentencing enhancements under the habitual offender statute, were not enacted until after his original conviction, but over three years prior to Moffite's present aggravated assault conviction, they do not violate the Ex Post Facto clause. *Gryger*, 334 U.S. at 732; *Saenz–Forero,* 27 F.3d 1016; *Perkins*, 794 F.2d at 169.

Additionally, in reviewing this claim on direct appeal, the Mississippi Court of Appeals rejected Moffite's argument. The court noted that, in the past, it has "found no constitutional violation where an enhanced sentence was enforced based on felonies committed before the passing of a habitual-offender statute." *Moffite*, 309 So.3d at 539 (citing *Miller v. State*, 225 So.3d 12, 15 (Miss. Ct. App. 2017)). The court explained that "Moffite's sentence is not a new penalty for his earlier crimes . . . but rather a 'stiffened penalty' for his recent crime." *Id.*

Moffite has not shown that the Mississippi Court of Appeals' decision on this claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court. *Cobb*, 682 F.3d at 372-73; *Brown*, 544 U.S. at 141. Accordingly, federal habeas relief is not warranted on this ground and the undersigned recommends its dismissal.

### f.    Ground Nine: Judicial Misconduct

Moffite asserts that he is entitled to federal habeas relief because of "judicial misconduct." Am. Pet. [21] at 16. Specifically, Moffite contends that the trial court acted improperly by amending the indictment to charge Moffite as a habitual offender

under Mississippi Code Annotated § 99-19-83 instead of § 99-19-81. Mem. [26] at 55-
56. Moffite also contends that the trial court acted improperly by allegedly allowing
the State to "alter" his previous burglary of a dwelling conviction from a non-violent
to a violent offense. *Id.* at 56. Moffite further contends that the trial court acted
improperly by displaying outward bias in asking questions during the cross-
examination of Moffite and allegedly restricting the portion of a jailhouse video,
which Moffite contends had exculpatory evidence, shown at trial, among other
allegations. *Id.* at 57-59.

The majority of the claims raised in this ground have already been addressed.
With respect to the judicial misconduct claim involving allegations of making
improper interjections, that claim is barred from federal habeas review. *See supra* pp.
4-7 (ground 4). Regarding the amendment of the indictment claim, *see supra* pp. 12-
15, and the violent crime classification claim, *see supra* pp. 20-23. Federal habeas
relief is not warranted on those grounds.

Only one claim—that the trial court allegedly acted improperly by restricting
the portion of a jailhouse video shown at trial—has not been specifically addressed.
But Moffite does not point to where in the record this allegedly improper conduct
occurred, nor does he explain what the allegedly exculpatory portion of the video
would have shown. Moffite's conclusory allegation alone cannot sustain a claim for
federal habeas relief. *See Murphy v. Dretke*, 416 F.3d 427, 436-37 (5th Cir. 2005).

Moreover, the record does not support Moffite's assertion. At trial, the State
sought to play portions of a jailhouse video during the direct examination of Dowdy.

Ex. [29-7] at 146-47. Moffite's attorney objected on the grounds that the entire video should be played. *Id*. at 147. The trial court overruled the objection on the ground that the State was entitled to present its case how it wished. *Id*. As the trial judge explained, however, Moffite had the opportunity to use the video, which was in evidence, on cross-examination and during the presentation of his case. *Id*. The record further indicates that Moffite's trial counsel used some video footage during the direct examination of Moffite. Ex. [29-8] at 98-105.

The Mississippi Court of Appeals found that the trial court did not engage in misconduct and remained impartial and that, to the extent the claims were not procedurally barred, Moffite's judicial misconduct claims were without merit. *Moffite*, 309 So.3d at 537-38. Moffite has failed to demonstrate that that decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court. *Cobb*, 682 F.3d at 372-73; *Brown*, 544 U.S. at 141. Accordingly, federal habeas relief is not warranted on this ground and the undersigned recommends its dismissal.

**C.    Petitioner's Ground Eight Does not Warrant Federal Habeas Relief.**

i.    Legal Standard

Federal courts examine ineffective assistance of counsel claims pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, a criminal defendant must show both that counsel rendered deficient performance and that counsel's actions resulted in actual prejudice. *Id*. Demonstrating deficient

performance requires a showing that, in light of the circumstances as they appeared at the time of the conduct, "counsel's representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Id.* at 687-88. There exists a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Counsel's strategic decisions must be given a strong degree of deference. *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993). Thus, on federal habeas review, if "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard," the state court's denial must be upheld. *Harrington*, 562 U.S. at 105.

Demonstrating actual prejudice requires a showing that counsel's deficient performance was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. This requires demonstrating a reasonable probability that but for counsel's deficiencies, the result of the proceeding would have been different. *Id.* at 694.

For relief on Moffite's ineffective assistance of counsel claim, Moffite must also adhere to 28 USC § 2254. With § 2254, when a state court has already rejected an ineffective assistance of counsel claim, the question becomes "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 562 U.S. at 105. This is different from the question of whether defendant's counsel's performance fell below the *Strickland* standard. *Id.* at 101.

    ii.   <u>Analysis</u>

Moffite asserts that he is entitled to federal habeas relief based on the ineffective assistance of counsel. Am. Pet. [21] at 14. Moffite contends that his trial counsel was ineffective by allegedly failing to: (1) object to the trial court's improper interjections during trial; (2) object to the trial court's prejudicial comments during trial; (3) object to erroneous jury instructions; and (4) request a mistrial. Mem. [26] at 50-54.

The Fifth Circuit has determined that the issue of ineffective assistance of counsel presents a mixed question of law and fact. *Clark v. Thaler*, 673 F.3d 410, 416 (5th Cir. 2012). The Mississippi Supreme Court rejected Moffite's ineffective assistance of counsel claim as meritless. Ex. [29-12] at 12. While the Mississippi Supreme Court's decision was not accompanied by an explanation, and the Mississippi Court of Appeals did not have the opportunity to review the general ineffective assistance of counsel claim on direct review, Moffite still bears the burden of showing there was no reasonable basis for the Mississippi Supreme Court to deny relief. *Harrington*, 562 U.S. at 98. The Court addresses each of Moffite's contentions in turn.

a.  *Allegedly Failing to Object to the Trial Court's Improper Interjections and Prejudicial Comments During Trial.*

In analyzing Moffite's claims, the undersigned turns to the substantive claims underlying this allegation of ineffective assistance of counsel. While the Mississippi Supreme Court did not explain its rejection of Moffite's ineffective assistance of counsel allegations and by extension the substantive claims underlying those allegations, the Mississippi Court of Appeals did review the underlying substantive

claims on direct appeal. Thus, the Mississippi Court of Appeals' opinion is the "last reasoned opinion" on the underlying substantive claims and operates as the state court's decision for the purposes of federal habeas review. *Salts*, 676 F.3d at 479; *Wilson*, 138 S. Ct. at 1192.

To obtain federal habeas relief on the underlying substantive claims, Moffite would have to show that the Mississippi Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court. *Cobb*, 682 F.3d at 372-73; *Brown*, 544 U.S. at 141.

First, Moffite contends his trial counsel was ineffective by allegedly failing to object to the trial court's improper interjections during trial. Mem. [26] at 50-51. In support of this assertion, Moffite directs the Court's attention to the trial transcript. *Id*. at 50; Ex. [29-9] at 13-14. The underlying claim here is based on the trial court's allegedly improper interjections.

The Mississippi Court of Appeals undertook a substantive review of Moffite's first claim and rejected it. The court explained that the trial court's comments were not prejudicial because they were "nothing more than an explanation to end the State's repetitive questioning." *Moffite*, 309 So.3d at 537-38.

Second, Moffite contends his trial counsel was ineffective by allegedly failing to object to the trial court's prejudicial comments and remarks during trial. Mem. [26] at 51-52. In support of this assertion, Moffite again directs the Court's attention to

the trial transcript. *Id*. at 51; Ex. [29-8] at 146-47; Ex. [29-9] at 5. The substantive claim underlying this allegation of ineffective assistance of counsel regards the trial court's allegedly prejudicial comments and remarks.

On direct appeal, the Mississippi Court of Appeals found this underlying substantive claim procedurally barred by the failure to contemporaneously object at trial. *Moffite*, 309 So.3d at 537-38. However, the Mississippi Court of Appeals nonetheless offered a substantive review of the claim. The court opined that, although the trial court did ask questions and make statements in the jury's presence, those questions and comments were for clarification purposes and were only meant "to clarify Moffite's answers and move questioning along." *See Moffite*, 309 So.3d at 537-38.

On both the improper interjection and prejudicial comments claims, Moffite has failed to show that the Mississippi Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court. *Cobb*, 682 F.3d at 372-73; *Brown*, 544 U.S. at 141. Moffite has not cited any Supreme Court precedent on this issue, nor provided any explanation to support the conclusion that the Mississippi Court of Appeals' decision was an unreasonable determination of the facts in light of the evidence. Instead, Moffite cites only a portion of the trial record where he believes the trial court improperly interjected or made prejudicial remarks. Mem. [26] at 50-51. Such conclusory allegations alone are insufficient to establish a claim for federal habeas

relief. *See Murphy*, 416 F.3d at 436-37. And it is certainly insufficient to make the requisite showing to warrant federal habeas relief on the underlying substantive claim.

Notwithstanding, the undersigned turns to the ineffective assistance of counsel claim. As the discussion above demonstrates, there was no basis for Moffite's counsel to object to any of the allegedly improper interjection or prejudicial remarks. Thus Moffite has failed to show that the Mississippi Supreme Court lacked any reasonable basis to reject these claims of ineffective assistance of counsel. *Harrington*, 562 U.S. at 98; *see Johnson*, 568 U.S. at 293.

Moffite has failed to demonstrate, or even attempt to demonstrate, that his trial counsel's actions constitute "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Moffite has not shown any resulting prejudice from that allegedly deficient conduct. *Id.* at 694.  Because there is at least a "reasonable argument that" Moffite's trial counsel "satisfied *Strickland's* deferential standard"—given the extensive discussion above regarding the merits of the improper interjections and prejudicial remarks claims—the Mississippi Supreme Court's denial must be upheld. *Harrington*, 562 U.S. at 105. Accordingly, federal habeas relief is not warranted on these grounds.

> b.    *Allegedly Failing to Object to Erroneous Jury Instructions.*

Moffite next contends his trial counsel was ineffective by allegedly failing to object to erroneous jury instructions. Mem. [26] at 52-53. Moffite does not explain what specific jury instructions his counsel failed to object to. If Moffite is again

arguing based on his rejected self-defense instructions, D-1 and D-2, then it is worth noting that the court did give a jury instruction on self-defense. Ex. [29-5] at 54. Moffite's counsel also argued self-defense in closing arguments. Ex. [29-9] at 59-60.

As with the previous claims, the undersigned begins with the substantive claim underlying this allegation of ineffective assistance of counsel: the trial court's rejection of Moffite's proposed self-defense jury instructions violated Moffite's due process right to present his theory of the case. Like with the previous claims, the "last reasoned opinion" is that of the Mississippi Court of Appeals, so the Court looks to that opinion in analyzing Moffite's claim. *Salts*, 676 F.3d at 479; *Wilson*, 138 S. Ct. at 1192.

On direct appeal, the Mississippi Court of Appeals found that the trial court properly refused both self-defense jury instructions D-1 and D-2. The court found that instruction D-1 was properly refused because it was a misstatement of Mississippi law and redundant. *Moffite*, 309 So.3d at 535-36.

As for instruction D-2, the court found this claim procedurally barred by the failure to contemporaneously object at trial. *Id.* at 536. Nevertheless, the Mississippi Court of Appeals reviewed the issue for plain error. *Id.* In rejecting the claim, the court reasoned that the trial court was within its discretion to reject proposed jury instruction D-2 because it was redundant. *Id.*

Moffite has failed to make the requisite showing to attain federal habeas relief on the underlying substantive claim. First, the underlying substantive claim related to jury instruction D-2 is procedurally barred from federal habeas review and Moffite

failed to demonstrate the applicability of either exception to overcome the procedural bar. *See supra* pp. 4-7. Where a claim is barred by an independent and adequate state procedural rule, federal courts lack jurisdiction to review that claim. *Bradley v. Shaw*, No. 2:18-cv-196-TBM-LGI, 2021 WL 7711054, at *3 (S.D. Miss. Dec. 9, 2021) (quoting *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012)), *R. & R. adopted*, 2022 WL 908932 (S.D. Miss. Mar. 28, 2022).

Even if the claim related to jury instruction D-2 were not procedurally barred, Moffite has still failed to demonstrate entitlement to federal habeas relief on both claims for instruction D-1 and D-2. Moffite has not made any attempt to demonstrate that the jury instructions used, or the rejection of his proposed instructions, rose to the level of a violation of a constitutional right. *Ramirez*, 398 F.3d at 696 (quoting *Sullivan*, 804 F.2d at 887); *see supra* pp. 15-17. Instead, he has offered only his conclusory allegations, which are insufficient to establish a claim for federal habeas relief. *See Murphy*, 416 F.3d at 436-37. Nor does it appear, based on the analysis of the Mississippi Court of Appeals, that such a constitutional violation occurred. *See Moffite*, 309 So.3d at 535-36. Accordingly, Moffite has failed to show that federal habeas relief is warranted on the underlying substantive claim.

On the ineffective assistance of counsel claim, Moffite has failed to show that the Mississippi Supreme Court lacked any reasonable basis to reject this claim of ineffective assistance of counsel. *Harrington*, 562 U.S. at 98; *see Johnson*, 568 U.S. at 293. Moffite has failed to demonstrate that his trial counsel's actions constitute "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Moffite has not

shown any resulting prejudice from the allegedly deficient conduct. *Id.* at 694. Because there is at least a "reasonable argument that" Moffite's trial counsel "satisfied *Strickland's* deferential standard," the Mississippi Supreme Court's denial must be upheld. *Harrington*, 562 U.S. at 105. Accordingly, federal habeas relief is not warranted on this ground.

### c.   *Allegedly Failing to Request a Mistrial.*

Moffite finally contends that his trial counsel was ineffective by allegedly failing to request a mistrial. Mem. [26] at 53-54. Moffite claims that, "[h]ad counsel properly requested a mistrial," and had the court granted that request, his counsel would have been able to "interview" Dowdy and gain access to her medical records related to Moffite's crime. *Id.* at 54.

The state court record undermines Moffite's contention. Upon the conclusion of the State's case-in-chief, Moffite's counsel moved for a directed verdict, based on insufficient evidence. Ex. [29-8] at 53-54. The trial court denied the motion. *Id.* at 55. At the close of all evidence, Moffite's counsel moved for a judgment of acquittal. Ex. [29-9] at 18-20. The trial court also denied this motion. *Id.* at 20. Following the trial, Moffite's counsel filed a motion for a new trial or judgment notwithstanding the verdict and vacation of sentence as a habitual offender. Ex. [29-5] at 82-87. After conducting a hearing on the motion, Ex. [29-9] at 141-151, Ex. [29-10] at 1-19, the trial court denied this motion as well, Ex. [29-5] at 89. Thus, Moffite's contention lacks merit.

Moffite's counsel also had the opportunity to examine Dowdy during the hearing on the motion for new trial. Ex. [29-9] at 141, 144-51; Ex. [29-10] at 2. During this examination, Moffite's counsel even questioned Dowdy on her discharge paperwork, which was a part of the record on appeal to the Mississippi Supreme Court. Ex. [29-9] at 145; Ex. [29-4] at 40-46, 52-59. The medical records from Dowdy's ER treatment were not a part of that record though. Regardless, Moffite's counsel did question Dowdy on her injuries and the attack during the hearing. Ex. [29-9] at 144-51. Still, the court ultimately denied Moffite's motion for new trial. Ex. [29-10] at 16.

Because Moffite's counsel did motion for new trial, was able to question Dowdy on her injuries and the incident involving Moffite, and did have access to at least Dowdy's discharge report, Moffite has failed to show that the Mississippi Supreme Court lacked any reasonable basis to reject his ineffective assistance of counsel claim based on the failure to request a mistrial. *Harrington*, 562 U.S. at 98; *see Johnson*, 568 U.S. at 293. Moffite has failed to demonstrate, or even attempt to demonstrate, that his trial counsel's actions constitute "deficient performance." *Strickland*, 466 U.S. at 687. Even if he could, Moffite has not shown any resulting prejudice from that allegedly deficient conduct. *Id.* at 694. Nor has Moffite demonstrated that had his trial counsel explicitly sought a mistrial, as opposed to moving for a direct verdict, then an acquittal, and then a new trial, that the trial court would have ruled differently. *Id.* at 694. Because, based on the record above, there is at least a "reasonable argument that" Moffite's trial counsel "satisfied *Strickland's* deferential standard," the Mississippi Supreme Court's denial must be upheld. *Harrington*, 562

U.S. at 105. To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Accordingly, federal habeas review is not warranted on this ground.

## III. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends dismissing Petitioner Derrick Dewayne Moffite's Amended Petition [21] for Writ of Habeas Corpus with prejudice.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996).

    **SIGNED,** this the 10th day of July 2023.


                *s/ Bradley W. Rath*

                BRADLEY W. RATH
                UNITED STATES MAGISTRATE JUDGE